UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OSCAR & ELSIE HAMILTON | CIVIL ACTION: 11-00024 |
| VERSUS | JUDGE LEMELLE |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "B" MAG. ALMA L. CHASEZ |

### ORDER AND REASONS

Before the Court is Defendant State Farm Insurance Company's ("State Farm") Motion for Summary Judgment and responsive pleading (Rec. Doc. Nos. 11 and 20). Plaintiffs Oscar and Elsie Hamilton filed opposition thereto (Rec. Doc. No. 17). Accordingly, and for the reasons pronounced below, **IT IS ORDERED** that State Farm's Motion for Summary Judgment (Rec. Doc. No. 11) be **GRANTED**.

This case arises from a claim by Plaintiffs for theft of approximately $120,000 worth of personal property, which they kept in a U-HAUL-like truck that was parked outside of their unoccupied hurricane-damaged house. (Rec. Doc. No. 11-1). State Farm, as part of its efforts to adjust the claim, requested inspections of the insureds' residences and requested sworn statements from the plaintiffs. (Id.). They refused, in breach of their insurance policy. (Id.). Plaintiffs were the named insureds under a State Farm homeowners insurance policy insuring the property located at 8606 Marks Street in New Orleans, Louisiana ("the property").

(Id.). According to State Farm, the property was severely damaged by Hurricane Katrina and has not been repaired. (Id.). Further, per State Farm, Plaintiffs have lived at the Marks Street property since Hurricane Katrina, but they claim they stored approximately $120,000 worth of their personal property, including cash, jewelry, TVs, computers, DVDs, clothing, pots/pans and other household items, in the storage compartment of a truck which was parked on the property. (Id.). Purchase documentation for items inside the truck was purportedly in garbage bags also inside the truck. (Id.). Plaintiffs claim that, on or about July 23, 2010, Mr. Hamilton drove past the property and noticed the storage truck was missing. (Id. at 2). Five days later, on July 28, 2010, he first reported the alleged theft to the New Orleans Police Department, and he contacted State Farm to submit a claim. (Id.). State Farm promptly began its investigation of the loss and quickly discovered facts which required further investigation. (Id.). Pursuant to the investigation, Plaintiffs did submit a recorded statement regarding the lost property. (Id.). State Farm requested an opportunity to inspect Mr. Hamilton's and Mrs. Hamilton's separate residences,[1] but Plaintiffs rejected State Farm's request. (Id.). State Farm wished to confirm the property claimed was not in the insureds' residences. (Id.). Thereafter, State Farm requested that Plaintiffs

---

[1] Mr. Hamilton was staying with family at a property located on Nevada Street in Metairie, La.

submit to examinations under oath. (Id.). According to State Farm, pursuant to the policy at issue, Plaintiffs were contractually obligated to cooperate with State Farm by submitting to examinations under oath and allowing State Farm to inspect their residences.[2] (Id.). Plaintiffs refused both the inspection and examinations under oath. On December 20, 2010, State Farm denied Plaintiffs' claim.

## Law and Analysis

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate

---

[2] On September 28, 2010, a State Farm representative observed the Marks street property and noted that the house was abandoned and no repairs had been made to the property. (Rec. Doc. No. 11-4 at 4 ¶13). While at the property, a neighbor advised the representative that Plaintiffs only visited the property approximately every six months, and he never moved the truck. (Id. at ¶14).

that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. Id. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc*. 7 F.3d 1203, 1207 (5th Cir. 1993).

Here, State Farm established that pursuant to Plaintiffs' insurance policy they had a duty to comply with the reasonable requests for inspection and examinations under oath. In response, Plaintiffs merely submit "conclusory rebuttals" which are insufficient to avoid summary judgment." *Travelers*, 7 F.3d at 1207. Most noteably, the policy states:

**Section I- Conditions**

1.  2. **Your Duties After Loss** . After a loss to which this insurance may apply, you **shall** see that the following duties are performed:

a. give immediate notice to us or our agent. Also notify the police if the loss is caused by theft. Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;

d. **as often as we reasonably require**:

   (1) exhibit the damaged property;

   (2) provide us with records and documents we request and permit us to make copies;

4

>      (3) **submit to and subscribe, while not in the presence of any other insured**:
>
>> (a) statements; **and**
>> (b) **examinations under oath; and**
>> (c) produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so . . .

(Rec. Doc. No. 11-2 at p.18).

Thus, the <u>policy clearly establishes that Plaintiffs had a duty to provide statements and examinations **under oath, as reasonably required**</u>.  Plaintiffs failed to do so. This Court has recognized that "the failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to suit on the policy . . . . *It may be manifested by a refusal to submit to an examination under oath or a refusal to produce documents*." *Mosadegh v. State Farm Fire and Casualty Comp.*, 2008 WL 4544361, at 3 (E.D.La. 2008)(emphasis added).  Moreover, given Plaintiffs failure to cooperate as mandated in their policy, State Farm is relieved from its duty to honor the claim.  (*Id.*).  While Plaintiffs did submit to recorded statements, this was not enough because Plaintiffs refused an inspection, which provoked State Farm to request an examination under oath, which Plaintiffs refused.  Because Plaintiffs provided an "intransigent refusal" to comply with the cooperation clause at issue, a summary dismissal is warranted.  *Lee v. United Fire & Casualty Comp.*, 607 So.2d 685, 688 (La. App. 4 Cir. 1992).

Additionally, Plaintiffs cannot establish that State Farm acted in bad faith because the reason State Farm denied the instant insurance claim is because Plaintiffs violated the terms of the policy by refusing an inspection and an examination under oath.

Finally, State Farm can show that it was prejudiced by Plaintiffs failure to submit the examinations under oath, as "[t]he burden is on the insurer to show actual prejudice." *Mosadegh*, 2008 WL 4544361, at 4(citations omitted). Here, State Farm could not effectuate the purpose of the insurance policy because Plaintiffs were blocking information that State Farm needed to fulfill the policy at issue. "Cooperation clauses fulfill the reasonable purpose of enabling the insurer to obtain relevant information concerning the loss while the information is fresh." *Holden v. Connex-Metalna Mgmt. Consulting*, 2000 WL 1741839, at 2 (E.D.La. 2000).

Plaintiffs fail to squarely address the immediate issue of their failure to cooperate with State Farm as mandated in their insurance policy and proffer only irrelevant conclusions. Plaintiffs fail to present any genuine issues of material fact, as the contractual policy language demonstrates Plaintiffs were obligated to cooperate by allowing an inspection of the property where they were residing to ensure the property claimed to be lost was not there or by submitting to an examination under oath in order to have their claim honored and they failed to do so.

Accordingly, **IT IS ORDERED** that State Farm's Motion for Summary Judgment (Rec. Doc. No. 11), is **GRANTED.**

New Orleans, Louisiana, this 24th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE